UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JERROD BOLDEN, *pro se*,

              Petitioner,

              -against-

JOSEPH T. SMITH, Superintendent,
Shawangunk Correctional Facility,

              Respondent.
------------------------------------------------------------ x

**ORDER TO SHOW CAUSE**
11-CV-856 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

On February 15, 2011, *pro se* petitioner Jerrod Bolden filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1977 conviction. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

**Background**

On July 22, 1977, petitioner was convicted of two counts of murder in the second degree in New York Supreme Court, Kings County. Petitioner was sentenced to a term of imprisonment of twenty-five years to life. (*See* Petition ¶ 4.) Petitioner's appeal to the Supreme Court of New York, Appellate Division, Second Department ("Appellate Division"), was denied on February 26, 1979. *People v. Bolden*, 413 N.Y.S.2d 796 (2d Dep't 1979). Petitioner did not seek leave to appeal to the New York State Court of Appeals ("Court of Appeals"). (Petition ¶ 10.)

On September 25, 2009, he filed an application for a writ of error coram nobis, which the Appellate Department denied on April 6, 2010. (Petition at ¶ 12); *People v. Bolden*, 72 A.D.3d 697 (2d Dep't 2010). The Court of Appeals denied leave to appeal on November 29, 2010.

1

*People v. Bolden*, 15 N.Y.3d 919 (2010). Petitioner then filed the instant petition, dated January 20, 2011.

## Discussion

**1. The AEDPA Statute of Limitations**

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. *See* 28 U.S.C. § 2244(d)(1). AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (per curiam). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (quoting *Smith*, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the

period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125.

**2.     Application of the Law to this Case**

The facts alleged in the petition suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. Petitioner's judgment of conviction became final in 1979. Because petitioner's conviction became final prior to the passage of the AEDPA, petitioner had a one-year grace period after the effective date of AEDPA's statute-of-limitations provision to file the instant petition, *i.e.*, until April 24, 1997. *Ross v. Artuz*, 150 F.3d 97, 98, 103 (2d Cir. 1998). The instant petition, dated January 20, 2011, was filed thirteen years, eight months and twenty-seven days after the grace period expired.

Petitioner states in his petition that he filed his first motion challenging his conviction on September 25, 2009. (Petition ¶ 12(a)(6).) Petitioner is advised that the filing of this motion did not toll the statue of limitations. Section 2244(d) applies only if petitioner's post-conviction

3

motion was pending within the one-year grace period, and it excludes from the limitations period only the time the motion remain undecided. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam). The post-conviction motion filed by petitioner on September 25, 2009 was filed after the one-year grace period had expired on April 24, 1997. Therefore, there appears to be no basis for petitioner's untimeliness.

## Conclusion

Petitioner is hereby directed to show cause by affirmation, within thirty (30) days from the date of this Order, i.e. no later than April 8, 2011, why the AEDPA statute of limitations should not bar the instant petition. *See Day*, 547 U.S. at 209-10; *Acosta*, 221 F.3d at 125. If petitioner believes that statutory tolling applies to this case or should he have a basis to ask the court to equitably toll the statute of limitations, he shall present the facts to the court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. Petitioner should also supply the dates of filing and decision(s) of any post-conviction motion he believes may toll the statute of limitations. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order, but in any event not later than April 8, 2011. If petitioner fails to comply with this Order within the time allowed, the instant petition will be dismissed as time-barred.

SO ORDERED.

Dated: Brooklyn, New York
      March 9, 2011

                                             /s/
                                    DORA L. IRIZARRY
                                United States District Judge